Judge Kymberly K. Evanson

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

TYLER NEIN, an individual,

              PLAINTIFF,

V.

STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation,

              DEFENDANT.

NO. 2:23-cv-00683-KKE

**STIPULATED PROTECTIVE ORDER**

**NOTED FOR: DECEMBER 27, 2023**

1. <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private Information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL    Pg. – 1

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

2. "CONFIDENTIAL" MATERIAL

"Confidential" material may include such documents as a party designates confidential as provided herein.

1. Attorney client communications and work product, without waiver of *any* claims of privilege or other protection relating to these communication;
2. Sensitive personal information, such as Social Security Numbers and financial records. This includes tax records, bank account statements and bookkeeping records that were not previously provided to State Farm as part of the claims process or underwriting process.
3. Claims training and procedure manuals and other materials that contain trade secret or other confidential and proprietary research, development and/or commercial information of State Farm relating to first-party property coverage and/or claims.
4. Materials relating to claim personnel involved in handling and/or adjusting the subject claim, including but not limited to evaluations, compensation, employee performance reviews and/or other sensitive, private information.
5. Materials containing trade secrets or confidential research, development, proprietary claims-handling philosophies, insurance pricing and/or other valuable information developed through State Farm's industry experience and creative efforts or any other exclusive industry information.
6. Proprietary, confidential, competitively sensitive, internal-use only or trade secret information of State Farm and its related entities, including but not limited to financial information, training materials, and contracts or agreements with third parties, and
7. Any non-public material of sensitive or proprietary nature.

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 2

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

Plaintiff and Defendant State Farm (hereinafter collectively referred to as "the Parties") reserve the right to seek by stipulation or motion to enlarge this list as discovery proceeds in the event that the Parties seek additional information not included in the above description which the parties maintain is entitled to the protections of this agreement and is otherwise discoverable under FRCP 26.

3. SCOPE

3.1 The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. Notwithstanding the above, information derived from confidential material that does not itself qualify as confidential (because, for example, it does not contain competitively sensitive information), is not considered confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. Confidential material is not considered part of the public domain at trial or otherwise when Parties adhere to sections 4.2 and 4.3. All such information retains its confidential protections if use was pursuant to a Protective Order, Confidentiality Agreement, Order of a Court, governmental subpoena, regulatory compliance activity, or inadvertent disclosure that was subsequently remedied.

3.2 Nothing in this agreement shall be construed to prohibit, restrict or require State Farm to obtain an authorization for the retention, use or disclosure of nonpublic

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 3

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

Confidential Information and records as required by its Information Retention Schedules, federal or state law or regulation, court order, or rule, including but not limited to, Medicare authorities if reporting is applicable, to a third-party for analysis of records in anti-fraud efforts (using non-fraudulent data to benchmark), in reporting for rate-making or otherwise, and in paperless electronic claims systems for permissible insurance functions. Nothing in this order shall prevent State Farm from retaining all documents necessary for regulatory compliance activities, nor from producing any documents necessary for regulatory compliance activities.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    Basic Principles. Except for the permissible uses described in Section 3, a receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. With the exception of the circumstances described in Section 3, confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL      Pg. – 4

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and whose analysis receiving party's counsel of record reasonably believes would be assisted by access to the confidential material. The Parties agree to provide signed acknowledgements from each expert with any expert disclosures at deposition or trial, as applicable. *See* Fed. Civ. P. 26(a)(2);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) in preparation for and during their depositions, witnesses in the action to whom counsel of record reasonably believes disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Any person presented as a witness pursuant to Fed. R. Civ. P. 30(b)(6) must sign Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 5

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator retained by the parties for dispute resolution;

(i) the Division of Insurance, law enforcement officers and/or other government agencies, as required by applicable state and federal law.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing or redacting the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing or redacting the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, without prejudice.

5. DESIGNATING PROTECTED MATERIAL

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 6

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

     5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

     If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

          (a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 7

EMBER LAW<sub>PLLC</sub>
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL    Pg. – 8

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. The party challenging the designation shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith within 14 days of the service of notice. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). Any such motion must be filed within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The motion must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 9

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

dispute without court action. The certification must list the date, manner and participants to the conference.  The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

> (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

> (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

> (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 10

EMBER LAW PLLC
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent or unintentional disclosure by a designating party of confidential information shall not be deemed a waiver in whole or in part of the designating party's claim of protection pursuant to this Protective Order. Any such inadvertently or unintentionally disclosed information shall be designated as confidential as soon as reasonably practicable after the designating party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons under the terms of this Protective Order. Upon receipt of the properly designated documents, the receiving party must return or destroy the non-designated set within three (3) days of being informed of the inadvertent disclosure. If the receiving party destroys the documents, then the receiving party must provide written certification of the destruction to the designating party within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by either party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the party in this or any

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 11

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of such protected information, that party shall provide written notice, to the designating party, of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must provide the receiving party with a list of documents that have been designated as confidential by the designating party in this litigation and produced to the receiving party, and which the designating party wants destroyed. Within 14 days after the receipt of this list, the receiving party must shred (if paper) or delete (if electronic) all confidential materials including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. This includes confidential information contained within expert reports or deposition or hearing transcripts.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The Court shall retain jurisdiction over the parties, their attorneys and all other persons to whom confidential material has been disclosed for the purpose of enforcing the terms of this Protective Order.

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 12

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  **DATED** on December 27, 2023.    **DATED** on December 27, 2023.

3  **EMBER LAW PLLC**    **LEWIS BRISBOIS BISGAARD & SMITH**

4

5  s/Chance Yager    s/Gregory S. Worden
By: Leah S. Snyder, WSBA No. 44384    By: Gregory S. Worden, WSBA# 24262
By: Chance Yager, WSBA No. 54486    By: Zachary M. Smith, WSBA# 54212

6  1200 Fifth Ave, Ste. 1217    1111 Third Avenue, Suite 2700
Seattle, WA 98121    Seattle, WA 98101

7  Tel: (206) 899-6816    Tel: (206) 623-4100
Email: leah@emberlaw.com    Email: Gregory.Worden@lewisbrisbois.com

8  Email: chance@emberlaw.com    Email: Zachary.Smith@lewisbrisbois.com

9  Attorneys for Plaintiff    Attorneys for Defendant State Farm

18  PURSUANT TO STIPULATION, IT IS SO ORDERED

19

20  IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the

21 production of any documents, electronically stored information (ESI) or information,

22 whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this

23 proceeding or any other federal or state proceeding, constitute a waiver by the

24 producing party of any privilege applicable to those documents, including the attorney-

25 client privilege, attorney work-product protection, or any other privilege or protection

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL    Pg. – 13

EMBER LAW PLLC
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: December 28, 2023

*[signature]*

Kymberly K. Evanson
United States District Judge

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL    Pg. – 14

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____*Tyler Nein v. State Farm Fire and Casualty Company*, No. 2:23-cv-00683-KKE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Within sixty (60) days of the final determination of this action, I shall provide written confirmation to counsel of record for Plaintiff that documents produced by State Farm (or disclosing the contents of documents) designated by State Farm as "Confidential" ("Confidential Information") has been shredded (if paper) or deleted (if electronic), including the shredding and deletion of all copies, extracts and summaries thereof.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL    Pg. – 15

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1

1  Date:

2
   City and State where sworn and signed:
3

4  Printed name:

5
   Signature:
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

STIPULATED PROTECTIVE ORDER
NO. 2:23-cv-00683-TIL     Pg. – 16

EMBER LAW *PLLC*
1200 Fifth Avenue, Suite 1217
Seattle, WA 98101
P. (206) 899-6816 F. (206) 858-8182

133455474.1